UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-15 |
| | ) | |
| JOHNNY THIEL BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR A *FRANKS* HEARING**

Johnny Thiel Banks, by counsel, respectfully moves this Court for a hearing under *Franks v. Delaware*, 438 U.S. 154, 156 (1978). Four of the affidavits for search warrants in this case rely on statements of the alleged minor victim, whom police knew to have significant credibility challenges that were not conveyed to the reviewing magistrate. The four affected search warrants are for a black iPhone in a clear case (Exh. 1, at 9), a blue iPhone with cracks on the back (Exh. 1, at 13), a white T-Mobile phone with cracks on the screen (Exh. 1, at 17), and Apple account records associated with Johnny Thiel Banks (Exh. 2).[1]

**Background**

Around 9:30 PM on July 31, 2024, officers with the Virginia Beach Police Department began searching for a minor female who had been reported missing on July 22. Exh. 3, at 4 (VBPD incident report). The minor's mother, who was in Charlotte, North Carolina, had called with information that her daughter was in or near a parking garage at 703 Pacific Avenue in Virginia Beach. *Id.* Responding officers eventually located the minor inside an SUV, alone, smoking marijuana and using her phone. *Id.* at 6. The minor tried to walk away and was detained. *Id.* She

[1] Portions of Exhibits 1 and 2 are redacted as the defense has moved to file the complete exhibits under seal in accordance with the Protective Order previously entered in this case.

told police that "Johnny" was a friend who was in town for a painting job and that he had gone to shower at the nearby Double Tree hotel. *Id.*

The next day, August 1, 2024, the minor participated in a forensic interview conducted through Children's Hospital of The King's Daughters (CHKD). During that interview, she stated that she had previously come to Virginia from Charlotte within the last month and "stayed half a month." Exh. 4, at 11 (VBPD investigative report).[2] During that trip, she saw a friend "getting into cars with guys." *Id.* In the interview the minor stated "she wasn't sure what she [the friend] was doing in the cars until now." *Id.* The minor explained the events that brought her to Virginia as follows:

*Id.* at 12.

The next day, law enforcement received Flock camera photos showing the SUV the minor was found in had indeed arrived in Virginia Beach after 7:00 PM on July 31. Exh. 5, at 1 (Flock

[2] The defense has filed a motion seeking to file Exhibit 4 under seal in accordance with the Protective Order previously entered in this case.

report). For the minor's version of events offered during her CHKD interview to be true, she would have had to have woken up in Virginia after 7:00 PM, engaged in at least 10 instances of prostitution in between being hit and strangled, calling her mother, and smoking marijuana alone, all in under four hours.

The officers appeared to immediately recognize that the minor's timeline was implausible, if not impossible. The affidavit in support of the search warrant for the black iPhone in a clear case, prepared on August 5, 2025, stated:

Exh. 1, at 11. The search warrant affidavits for the other two phones relied on the same information, including the representations that victims of human trafficking "lose concept of time due to the abuse" and juveniles who experience abuse "are less capable to maintain concepts of time . . . ." *Id.* at 15, 19.

The officer applying for the search warrant, Officer T.M. Kellogg, seemed to have recognized the minor's account was not credible given the timeline established by the Flock

cameras. Presumably for this reason, the officer explained that distorted concepts of time can result from abuse, even though the affidavit did not mention when the SUV was known to have arrived in Virginia Beach. At no point does it appear that the officer otherwise explained the serious credibility concerns underlying the minor's statements.

**Law and Argument**

The minor's statements were the bulk of the evidence associating Mr. Banks with prostitution, and her credibility would have been a significant consideration for a magistrate. However, none of this was mentioned in the affidavits in support of the search warrants. The affiant should have explained the credibility challenges with the minor's testimony instead of omitting it. Correcting this omission results in the warrants lacking probable cause.

In *Franks v. Delaware*, 438 U.S. 154, 156 (1978), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." "*Franks* thus has two distinct prongs, 'requir[ing] proof of both intentionality and materiality.'" *United States v. Pulley,* 987 F.3d 370, 376 (4th Cir. 2021) (*citing United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016)). And at the threshold, "to obtain an evidentiary hearing on the affidavit's integrity, a defendant must first make 'a substantial preliminary showing'" that is "'more than conclusory' and must be accompanied by a detailed offer of proof." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (quoting *Franks*, 438 U.S. at 155–56, 171).

The *Franks* doctrine also applies "when affiants omit material facts" with the requisite intent. *Id.* at 300; *see United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016) ("We have since held

that the two-pronged *Franks* test applies . . . also when an agent *omits* relevant facts from the affidavit."). Additionally, *Franks* relief may also be justified when the "agents' failure to verify readily available information amount[s] to a reckless disregard for the truth[,]" *In re Search Warrants Served on Home Health & Hospice Care, Inc.,* 121 F.3d 700, 1997 WL 545655, at *8 (4th Cir. 1997) (unpublished table decision), and when the affiant intentionally or recklessly omits facts required to prevent technically true statements in the affidavit from being misleading, *United States v. Tate*, 524 F.3d 449, 456–57 (4th Cir. 2008).

Our argument concerns an omission. If an omission is determined to be recklessly or intentionally false or misleading, the Court must then determine if the offending inaccuracy is "material" to the probable cause determination. "To determine materiality, a court must excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 628 (4th Cir. 2007) (quoting *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotation marks omitted)).

The Fourth Circuit has held that omitting information about a confidential informant's credibility can be fatal to a warrant, and that reasoning extends to information that undermines a key witness's credibility. In *United States v. Lull*, 824 F.3d 109 (4th Cir. 2016), a confidential informant asserted he could purchase drugs from the defendant's home. *Id.* at 111. During the controlled buy, the informant attempted to steal some of the money given to him for the purchase. *Id.* at 112. Officers quickly discovered the attempted theft and terminated the informant's status due to reliability concerns. *Id.* However, in a warrant to search the home, the affiant failed to disclose the informant's theft and subsequent arrest, among other omissions. *Id.* at 113. Applying *Franks*, the Fourth Circuit reasoned as follows:

> We first consider the effect that the omitted information had on the reliability of the informant's information, and determine that the informant's demonstrated unreliability undermined his credibility and the veracity of his statements presented in the warrant application. Because the magistrate did not have the benefit of the omitted information concerning the informant's reliability, the informant's statements were not properly considered as a basis for probable cause.

*Id.* at 118.

Here, the agents knew information would negate probable cause. The minor had told an impossible story. Her timeline did not make sense in light of the Flock camera evidence that confirmed the SUV arrived in Virginia Beach approximately four hours before police located the minor. The minor had exaggerated, if not fabricated, the length of time she was supposedly with Mr. Banks and what she had been forced to endure—too many things in too small a window of time. Such exaggeration seriously damages her credibility, including with respect to other aspects of her story. But instead of simply presenting the facts and allowing the magistrate to make a probable cause determination, the affiant omitted information that would have raised questions and offered a vague and out-of-context explanation for unspecified inconsistencies.

So, the omitted information was material. The affiant clearly recognized that the information was material, or else he would not have made such an effort to explain his experience with victims and time distortion. And the omission was intentional. The affiant did not include information that would cut against probable cause because he recognized the minor's credibility was in doubt and would have been problematic if it became an issue during the warrant application process. Information gathered from these searches was then used to support probable cause for the iCloud account (Exh. 2), which should be addressed separately as fruit of the poisonous tree.

**Conclusion**

A *Franks* hearing is required due to the substantial omission in the search warrant affidavits for the three confiscated phones. Police made a material, intentional omission in all three search warrants, omitting evidence that would negate probable cause.

Respectfully submitted,

JOHNNY THIEL BANKS

By:__________/s/_______________

Keith Loren Kimball
VSB No. 31046
Supervisory Ass't Federal Public Defender
Virginia M. Bare
Member of the Maryland Bar
Assistant Federal Public Defender
Office of the Federal Public Defender
Attorneys for Johnny Thiel Banks
500 E. Main Street, Suite 500
Norfolk, Virginia 23510
Telephone: (757) 457-0800
Telefax: (757) 457-0880
Email: keith_kimball@fd.org
ginnie_bare@fd.org