THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

JUN 17 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES OF AMERICA**

v.                                                      **CRIMINAL ACTION NO. 2:25-CR-15**

**JOHNNY THIEL BANKS,**

　　**Defendant.**

*MEMORANDUM OPINION AND ORDER*

　　Before the Court is Johnny Thiel Banks's ("Defendant") Motion to Sever Count Six of the Indictment. ECF No. 40 ("Def.'s Mot."). The Government opposes the Motion. ECF No. 42 ("Resp. Opp'n"). Defendant replied. ECF No. 48. This matter is now ripe for judicial determination. For the reasons below, Defendant's Motion is **DENIED**.

### I.　　FACTUAL AND PROCEDURAL HISTORY

　　On February 5, 2025, Defendant was named in a Six-Count Indictment. ECF No. 10. Count One charged Defendant with Sex Trafficking by Force, Fraud and Coercion, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). *Id.* at 1. Count Two charged Defendant with Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2). *Id.* Count Three charged Defendant with Production of a Visual Depiction of Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a). *Id.* Count Four charged Defendant with Transportation, in violation of 18 U.S.C. § 2421. *Id.* Count Five charged Defendant with Transportation of a Minor, in violation of 18 U.S.C. § 2423(a). *Id.* And Count Six charged Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.*

The Indictment alleges that in and around July 2024, Defendant "in and affecting interstate commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, and solicited" a minor ("Jane Doe"). *Id.* at 2. The Indictment alleges that Defendant did so "knowing[ly], and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, or any combination of such means would be used to cause Jane Doe to engage in a commercial sex act" in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). *Id.* The Indictment further alleges that Defendant, "knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year," knowingly and unlawfully possessed a firearm in and affecting commerce in violation of 18 U.S.C. § 922(g)(1). *Id.* at 4.

According to a Virginia Beach Police Report, on July 31, 2024, Jane Doe's mother placed a call for service to the Virginia Beach Police Department ("VBPD"). Virginia Beach Police Report at 2 (sealed). ECF No. 47. During that call, Jane Doe's mother stated that the man Jane Doe was with was "making her do things she didn't want to do." *Id.* VBPD responded to the 700 block of Pacific Avenue and located Jane Doe sitting inside a Kia Sorrento. *Id.* While questioning her, police observed a man walking near a hotel, and Jane Doe identified the man as Defendant. *Id.* Police began investigating Defendant for allegedly sex trafficking Jane Doe. On August 1, 2024, Police obtained a search warrant for the hotel room and Kia Sorrento. *Id.* Pursuant to that search warrant, police located a firearm inside the vehicle. *Id.* Eventually, VBPD took Defendant into custody for human trafficking, abduction, and felon in possession of a firearm, among other charges. *Id.* at 3.

On May 16, 2025, Defendant filed a Motion to Sever Count Six of the Indictment. ECF No. 40. On May 23, 2025, the Government filed a Response in Opposition. ECF No. 42. On May 29, 2025, Defendant filed a Reply. ECF No. 48.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) provides that "[t]he indictment . . . may charge a defendant in separate counts with [two] or more offenses if [1] the offenses charged . . . are of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a "logical relationship" to one another. *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992). Rule 8(a) "permit[s] very broad joinder" because of the efficiency in trying the defendant on related counts in the same trial. *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003); *see also United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000) ("[C]ourts . . . have a strong interest in favor of joinder of offenses; in particular, joinder of offenses reduces the waste of precious judicial and prosecutorial time in the already overburdened federal judicial system and reduces the burdens on witnesses from testifying at multiple trials.").

Rule 14(a) provides that "[i]f the joinder of offenses . . . for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the [defendant's] trials, or provide any other relief that justice requires." This rule contemplates that joinder under Rule 8(a) can be proper and, at the same time, severance can be required. *United States v. Cardwell*, 433 F.3d 378, 387 (4th Cir. 2005). "Even if offenses are properly joined, however, severance is appropriate if the defendant establishes that he would be prejudiced by the joinder." *United States v. Long*, No. 23-4292, 2024 WL 2795184, at *2 (4th Cir. May 31, 2024). A defendant must "establish that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). Prejudice comes in

3

three forms: (1) jury confusion; (2) the mutual inclusivity of evidence for separate crimes; or (3) the jury's conclusion that the defendant is guilty of one crime and therefore guilty of the other because of his criminal disposition. *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). "Accordingly, a district court should grant a severance motion 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mace*, 852 F. App'x 746, 747 (4th Cir. 2021) (internal citation omitted).

### III.  DISCUSSION

Defendant argues that joinder of Count Six to the sex trafficking charges is unauthorized by Rule 8(a). Def.'s Mot. at 5. Defendant further argues that even if the offenses are properly joined, they should be severed under Rule 14(a). *Id.* He argues that severance is necessary to avoid prejudice. *Id.* at 9. The Court will first address joinder under Rule 8(a), followed by severance under Rule 14(a).

#### A. Joinder of Count Six Under Rule 8(a)

Joinder of offenses under Rule 8(a) is proper where "crimes are logically related to one another." *Cardwell*, 433 F.3d at 387. The Fourth Circuit has established that "joinder is the rule rather than the exception." *United States v. Harris*, 708 Fed. App'x 764, 766 (4th Cir. 2017) (quoting *United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015)).

The Court concludes that Defendant's 922(g)(1) charge is properly joined with the remaining charges under Rule 8(a). The Government must prove beyond a reasonable doubt that Defendant committed the alleged offense through "means of force, threats of force, fraud or coercion." 18 U.S.C. §§ 1591(a)(1), (b)(1). Common sense and the pleadings suggest that the

Government intends to prove the element of force, threat of force, or coercion with evidence related to the firearm. *See* 18 U.S.C. § 1591; Resp. Opp'n at 24–25.

Defendant argues that there is merely a temporal connection between the charges, which is an insufficient basis for joinder. Def.'s Mot. at 6. Discovering the gun during the sex trafficking investigation "is not *alone* sufficient to establish a logical relationship." *Cardwell*, 433 F.3d at 387. However, joinder is proper here "because *additional facts* demonstrate that the crimes were logically related to one another." *Id.* These additional facts will almost certainly be admissible to "complete[] the story of the crime" or to explain "the circumstances surrounding a particular event." *United States v. Orozco-Rodriguez*, 220 F.3d 940, 942 (8th Cir. 2000) (internal citation omitted). These facts will establish the logical relationship between the alleged crimes. For example, there are several disconcerting text messages the Government alleges Defendant sent Jane Doe in connection with this case. *See generally* Resp. Opp'n. The Government alleges that these messages show that Defendant threatened Jane Doe and her family, and that one threat involved a firearm. *Id.* at 1, 8, 9, 17, 19, 20. There is thus a logical relationship between the charged offenses.

The Court concludes that the charges are properly joined because they "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Because they are properly joined under Rule 8(a), "separate trials of related offenses are a waste of judicial resources." *United States v. Mohamadi*, 461 Fed. App'x 328, 332 (4th Cir. 2012) (citing *Hawkins*, 589 F.3d at 700). The Court's interest in preserving its finite resources, considering the logical relationship between the sex trafficking and firearm charges, favors joinder. *See Hawkins*, 776 F.3d at 206 (the prospect of "wasting limited judicial resources

suggests that related offenses should be tried in a single proceeding."). Accordingly, Defendant's argument fails.

## B. Severance of Count Six Under Rule 14(a)

Defendant argues that even if joinder is proper, the Court should sever the charges to avoid prejudice. Def.'s Mot. at 9. He argues that evidence about the firearm and Defendant's prior felony conviction would "taint" the jury's view of him and the other evidence against him. *Id.* He argues that this "unrelated" criminal conduct creates risk that the jury may confuse the issues or the evidence. *Id.* at 9–10.

Even if joinder is proper, the facts of a given case may warrant severance. Under Rule 14(a), a court may order separate trials of the counts "if joinder of the offenses for trial appears to prejudice a defendant." Severance is not appropriate here.

Where joinder is proper under Rule 8(a), "severance of the offenses is rare." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012) (citing *Cardwell*, 433 F.3d at 387). Severance is improper because there is no serious risk that the jury would reach an unjust result. *See United States v. Campbell*, 347 Fed. App'x 923, 927 (4th Cir. 2009) (quoting *Cardwell*, 433 F.3d at 387) ("[A] district court should grant a severance under Rule 14 *only* if there is a risk that a joint trial would… prevent the jury from making a reliable judgment about guilt or innocence.").

In fact, allowing a single jury to see the entire case may lead to a more reliable outcome. "In joint trials, the jury obtains a more complete view of all the acts underlying the charges than would be possible in separate trials." *Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987); *see also Campbell*, 347 Fed. App'x at 926 (holding severance was inappropriate where considering charges separately "would yield an incomplete understanding" of the criminal conduct). If the Court

severed Count Six, the jury would have an incomplete view of the alleged conduct for which Defendant is charged. As discussed above, these are hardly "unrelated" offenses.

Evidence of the alleged sex trafficking would likely not be admissible at a separate trial on the firearm charge. This means there is a possibility of prejudice against Defendant. *Cf. United States v. Cole*, 857 F.2d 971, 974 (4th Cir. 1988) (holding "[the] possibility of prejudice is greatly diminished where… the evidence of the joined crimes would be mutually admissible for legitimate purposes in separate trials for each offense.") (internal quotation marks and citation omitted). But mutually admissible evidence is not the only way to reduce the possibility of prejudice against a defendant. Indeed, limiting instructions often cure any risk of prejudice from a denial of severance. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Gwynn*, 82 Fed. App'x 787, 788 (4th Cir. 2003) (citing *United States v. Silva*, 745 F.2d 840, 844 (4th Cir. 1984)). The Court encourages the parties to fashion a limiting instruction that will properly assist the jury. *See United States v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (holding the defendant did not show prejudice by failure to sever where "the court admonished the jury that it could consider [his] prior felony conviction only in connection with the firearm count.").

Consistent with Fourth Circuit precedent, the Court will use a limiting instruction to reduce any risk of prejudice. *United States v. Alexander*, 30 F. Supp. 3d 499, 506 (E.D. Va. 2014). "Jurors are presumed to follow instructions from the Court," and there is no indication "that the jury in this case would be unable to set aside the evidence of prior felonies in consideration of other charges." *Id.*; *Zafiro*, 506 U.S. at 540 (internal citation omitted).

After balancing any possible prejudice to Defendant "against the interests of the efficient administration of justice," the Court concludes that severing Count Six is unnecessary. *United States v. Taylor*, 218 Fed. App'x 249, 250 (4th Cir. 2007) (citing *Cole*, 857 F.2d at 974).

The Court is confident that the jury will be able to handle the issues the parties present at trial and produce a fair and reliable outcome.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. ECF No. 40.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
June 17, 2025

/s/
Raymond A. Jackson
United States District Judge