IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO: 2:25-cr-15 |
| JOHNNY THIEL BANKS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT'S EXPERT**

The United States of America, by and through its attorneys, Erik S. Siebert, United States Attorney for the Eastern District of Virginia, and Megan M. Montoya and E. Rebecca Gantt, Assistant United States Attorneys, respectfully moves to exclude defendant Johnny Thiel Banks' proposed expert from providing testimony at trial for failing to comply with the threshold requirements of Federal Rule of Criminal Procedure 16. In the alternative, should the expert be allowed to testify, the government objects to any attempt by the defense to offer the expert's as-yet-unknown opinions on the investigative techniques/preservation of data by the investigative team on scene, as well as the forensic extractions conducted in this case. In support thereof, the government avers the following:

**PROCEDURAL BACKGROUND**

On February 5, 2025, a grand jury returned an indictment against the defendant charging him with: Sex Trafficking by Force, Fraud, or Coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) (Count One); Sex Trafficking of a Minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) (Count Two); Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2251(a) (Count Three); Transportation, in violation of 18 U.S.C. § 2421 (Count Four); Transportation of a Minor, in violation of 18

U.S.C. § 2423(a) (Count Five); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six). ECF No. 10.

The charges stem from the defendant's role in transporting Jane Doe twice from North Carolina to Virginia for commercial sex in Suffolk and Virginia Beach during July 2024. On the second trip, the defendant transported Jane Doe in a Kia Sorento in which law enforcement later recovered a Glock pistol. Prior to July 2024, Banks was convicted of felony burglary in South Carolina in 2014. Therefore, he is a prohibited person.

A jury trial is scheduled to begin on July 21, 2025. A discovery order was signed and filed on March 21, 2025. ECF No. 21. Expert disclosures were due pursuant to this order on June 27, 2025. On that date, defense counsel provided the government with an expert disclosure noticing James Bass as a digital evidence expert witness. Government's Exhibit One, attached. Defense also provided James Bass' CV. Government's Exhibit Two, attached.

The disclosure advises that Forensic Examiner Bass will offer his opinions on:

> types of location data that were not collected, such as comprehensive device-based geolocation data that might have been crucial in determining the locations of devices of interest. The expert will also discuss how some location data that would have been used as evidence was irretrievably lost by the authorities due to a lack of timely preservation or collection. Additionally, the expert is expected to testify about other investigative leads or explanatory theories—including those originating from the uncollected or unacknowledged location data—that may have been pursued had a more thorough investigation been carried out.

Government's Exhibit One, at 2. The disclosure fails to provide specific opinions that will be elicited about what evidence was lost, when it was lost, or who was responsible for the alleged destruction of evidence. The disclosure further fails to provide the bases or the reasons for these opinions. The disclosure lacks specific opinions, other than that "comprehensive device-based gelocation data" was not collected and it might have been crucial to determining the locations of devices of interest. Government's Exhibit One, at 2. The disclosure also states that Forensic

2

Examiner Bass may testify about the lack of evidence supporting authentication of the government's digital records but does not identify any specific issues or opinions related to authentication or what Forensic Examiner Bass' opinion will be about these digital records. The disclosure further notes that Bass may testify regarding "metadata associated with digital records," but fails to identify which metadata he will testify about or what his opinion is with regard to this metadata. Government's Exhibit One, at 2.

The disclosure also fails to list each case Forensic Examiner Bass has testified to in the last four years. The notice notes that he testified for the government prior to entering private practice but does not name the case. The government requested additional information that would help it identify this prior case but has not received any additional information to date. The government has conducted its own inquiry into this prior case but has not been able to confirm with certainty which prior case is noted in this disclosure.

On June 30, 2025, undersigned counsel requested additional information from defense regarding Forensic Examiner Bass' opinions. BANKS' has not supplemented his disclosure to rectify any of these deficiencies, other than to respond to the government's email on July 1, 2025 and state that defense would submit a supplement. No such supplement has been received, and the government submits that any additional supplement is untimely.

## LAW AND ARGUMENT

**I.     The defendant's expert notice is not sufficient under Federal Rule of Criminal Procedure 16(b)(1)(C).**

For "any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705," the "defendant must disclose to the government" a "complete statement of all opinions that the defendant will elicit from the witness" and "the bases and reasons" for those opinions. Fed. R. Crim. P. 16(b)(1)(C)(iii). Notably, Federal Rule of Criminal Procedure 16 was

3

amended in 2022 to "ensure that parties receive adequate information about the content of the witness's testimony and potential impeachment"; the amendment "delete[d] the phrase 'written summary' and substitute[d] specific requirements that the parties provide 'a complete statement' of the witness's opinions [and] the bases and reasons for those opinions." Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment (describing the amendment as "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed"). Furthermore, after the amendment, the "witness must approve and sign the disclosure, unless the defendant . . . states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts." Fed. R. Crim. P. 16(b)(1)(C)(v).

    The defendant has failed to comply with Rule 16(b)(1)(C). The defendant's notice is almost entirely devoid of any "statement of . . . opinions that [he] will elicit from the witness" and any "bases and reasons" for those opinions. Fed. R. Crim. P. 16(b)(1)(C)(iii). The defendant essentially only discloses broad topics to which the expert witness will testify. Rule 16 was amended in 2022 to require "'a complete statement' of the witness's opinions [and] the bases and reasons for those opinions," and the defendant's notice does not even provide a summary of such opinions and reasons sufficient to satisfy the former rule. Fed. R. Crim. P. 16 advisory committee's note to 2022 amendment. Without a complete statement of the witness's specific opinions and the bases and reasons for those opinions, the defendant's notice does not "facilitate trial preparation," and the government does not have "a fair opportunity to prepare to cross-examine [the] expert witness[] and secure opposing expert testimony if needed." *Id*.

    Even before the recently amended Federal Rule of Criminal Procedure 16, the Fourth Circuit has excluded defense experts under the strict Rule 16 disclosure requirements. *see, e.g.*,

*United States v. Harris*, 995 F.2d 532, 536 (4th Cir. 1993) (exclusion of expert testimony on the reliability and disclosure requirements); *Accord United States v. Holmes*, 670 F.3d 586, 599-600 (4th Cir.), cert. denied, 568 U.S. 941 (2012) (failure to provide the bases and reasons is a basis for exclusion of expert, where expert in "confessions" who would testify as to the fact that some people falsely confess to acts they did not do) citing *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (excluding testimony where defendant failed to comply with requirements of Rule 16), and *United States v. Johnson*, 219 F.3d 349, 358 (4th Cir.), *cert. denied*, 531 U.S. 1024 (2000).   It is worth noting again, under the newly amended Rule 16 the burden is on the defense to timely disclose the specifics of the last 4 years of prior cases for Forensic Examiner Bass, not on the government to independently track down when, where, and how the proposed expert testified.

As with all evidence, expert testimony is subject to being confronted by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).  At this point, the government in unable to determine if a rebuttal expert is necessary or even how to prepare for any defense case as the expert's alleged opinions concerning the preservation of cellphone evidence or the forensic extractions in this case.  As such, the defendant's expert should be stricken from testifying.

## **CONCLUSION**

For the reasons stated above, the United States requests that the Court exclude defendant's proffered expert witness for his material prejudicial failures to comply with the applicable requirements of such disclosure.

Respectfully Submitted,

Megan M. Montoya
United States Attorney

By:  _____/s/_____
Megan M. Montoya
E. Rebecca Gantt
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office: 757-441-6331
Fax: 757-441-6689
Email: Rebecca.Gantt@usdoj.gov
       Megan.Montoya@usdoj.gov